UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELTON L. SPANN                                    CIVIL ACTION

VERSUS                                             NO: 21-2292

BOGALUSA CITY POLICE                               SECTION: "J"(2)
DEPARTMENT ET AL.

## ORDER AND REASONS

Before the Court are a *Motion to Reconsider Judgment* **(Rec. Doc. 44)** filed by Plaintiff Kelton L. Spann and an opposition filed by Defendants (Rec. Doc. 45). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a daytime traffic stop, resulting in Plaintiff's arrest. Alleging constitutional equal protection and due process violations, Plaintiff bases his 42 U.S.C. § 1983 claim on the racially discriminatory reason for the traffic stop: that he, as a Black male, was driving with a White female passenger. As support, he contends a Bogalusa police officer signaled for him to pull over after fully making a stop at an intersection. Once stopped, Plaintiff was discovered to be driving with a suspended license—the stated reason for his subsequent arrest. Plaintiff, however, contends the stated reason was only a pretext, again alleging that racial discrimination led to a higher penalty than a mere citation. Additionally, Plaintiff asserts constitutional violations for the search of his person and vehicle. Plaintiff,

1

moreover, argues racially discriminatory behavior is a custom of the Bogalusa Police Department.

Defendants dispute Plaintiff's accusations, filing for summary judgment. Critical to their understanding of the encounter, Defendants assert Officer Dillon Miller had probable cause for the traffic stop, namely, Plaintiff's running of a red light. To their motion, they attach the arresting officer's body camera footage and the contemporaneous incident report. Both indicate Plaintiff was stopped after running a red light. Defendants also attach the disposition of the Bogalusa City Court on the underlying matter, which ordered a fine for running the red light and driving with an expired motor vehicle inspection sticker—the latter an amendment of the driving with a suspended license charge. The fine imposition, however, occurred after Plaintiff had "failed to appear for Arraignment or to be re-served on the charge/charges[,]" making the city court's ultimate resolution of that matter unclear. *See* Rec. Doc. 40-10 at 2.

Plaintiff did not timely oppose Defendants' motion, and this Court granted it, finding it to have merit. Plaintiff now files for reconsideration of that judgment, providing his untimely opposition to Defendants' motion for summary judgment.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern*

*Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

"In any case in which a party seeks to upset a summary judgment on the basis of evidence [he] failed to introduce on time, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). In consideration of a Rule 59(e) motion the district court has considerable—though not limitless—discretion in deciding whether to grant a motion for reconsideration. *Id.* at 174. Nevertheless, the Fifth Circuit has held that an unexcused failure to present evidence available at the time of summary judgment constitutes a valid basis for denial of a subsequent motion for reconsideration. *See Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

## DISCUSSION

The central issue before the Court is whether Plaintiff's failure to timely file an opposition to Defendants' motion for summary judgment should preclude Plaintiff from having this Court reconsider its prior order granting summary judgment.

In *Lavespere*, the Fifth Circuit enumerated the factors to be considered in evaluating a motion for reconsideration of an order granting summary judgment where the moving party has submitted evidentiary materials that were not considered by the court in its summary judgment ruling: (1) the reasons for the movant's default, (2) the importance of the omitted evidence to the movant's case, (3) whether the nonmoving party had access to the evidence, and (4) the likelihood that

4

the nonmoving party will suffer unfair prejudice if the court reopens the case. *Lavespere*, 910 F.2d. at 174.

Plaintiff avers his delayed response to Defendants' motion was due to his dependence on the Washington Parish Sheriff's Office for his mail.[1] Plaintiff insists his opposition was delivered to the staff on February 9, 2023—in advance of his opposition deadline for a motion with a submission date of February 22, 2023. Indeed, the certificate of service on his opposition is dated February 9, 2023, but was not received by the Clerk of Court until February 28, 2023—five days after our Order granting Defendants' motion. *See* Rec. Doc. 43 at 21. This Court finds Plaintiff to present a valid reason for his untimeliness.

However, the other factors identified in *Lavespere* move against reconsideration. The question of the importance of the omitted evidence demands closest analysis. Although citing the Rule 59(e) factors, Plaintiff does not identify which ground supports his motion. Likely, Plaintiff considers reconsideration necessary to correct a manifest error of law and to prevent manifest injustice. This Court fails to see grounds for either.

Plaintiff argues a genuine issue of material fact exists as to the reason for his traffic stop, arrest, and search. In particular, Plaintiff stresses that although there is body camera footage of his arrest, there is none showing his running the red light in question. In the remainder of the opposition, Defendant largely restates his complaint contentions: "African American men who ride in cars with Caucasian women or

---

[1] In their opposition to Plaintiff's motion for reconsideration, Defendants state at the time of filing Plaintiff was incarcerated in the Washington Parish Jail in an unrelated criminal matter.

5

Caucasian women who ride with African American will be stopped on alleged traffic violations and arrested or harassed" by the Bogalusa Police Department. *Id.* at 11. Plaintiff also attaches a personal affidavit stating he did not run a red light. *Id.* at 25.

In granting Defendants' unopposed motion, this Court already concluded it to have merit. In so doing, this Court considered whether a genuine issue of material fact existed as to reason for the traffic stop. As newly produced evidence to support his position, Plaintiff's self-serving affidavit insists he never ran a red light. Where the declarant asserts from personal knowledge facts that are "particularized, not vague or conclusory", even a self-serving affidavit can be "sufficient to create a genuine issue of material fact." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (citation omitted). Here, however, Plaintiff's affidavit merely doubles-down on his contention in his previous filings; it does not create a genuine issue of material fact.

Even without the consistent police statements regarding the incident or Plaintiff's apparent failure to challenge the traffic violation, the body camera footage stops Plaintiff's red-light argument. Presented as an attachment to Defendants' motion, the footage is not properly reconsideration evidence, as it was already before the Court. However, in consideration of Plaintiff's "manifest injustice" argument, this Court provides closer review.

The footage begins with Officer Miller approaching Plaintiff in the driver seat of a parked car. *See* Rec. Doc. 40-5. Although the catalyzing car maneuvers are not

6

seen, Officer Miller immediately explains he pulled over Plaintiff for running through a red light. Throughout the twenty-one-minute encounter, Plaintiff never strongly denies the allegation. *See, e.g., id.* at 00:10 ("I didn't see no green, no red light."). Plaintiff also submits he was driving with a suspended license, a fact Officer Miller receives confirmation of and which leads to his decision to arrest. *See id.* at 3:05. Rather than challenge the nature of the charges, Plaintiff argues for a citation instead of arrest.

Significantly, Amber Pope—the car's passenger—confirms Plaintiff had been driving recklessly:

> Officer Miller to Pope: He blew through a red light.
>
> Pope: Right there exactly. I know what you're talking about . . . . I told him to slow down. And he kept going.

*Id.* at 10:07. Accordingly, there is no genuine issue that Officer Miller had probable cause to conduct a traffic stop, namely, Plaintiff's running of a red light.

The body camera footage also supports Officer Miller's inventory search of the vehicle. "[A]n inventory search of a seized vehicle is reasonable and not violative of the Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger." *United States v. McKinnon*, 681 F.3d 203, 209 (5th Cir. 2012). Although the Bogalusa Police Department did not impound Plaintiff's vehicle, Officer Miller did engage Plaintiff in conversation on who would pick the vehicle up. Plaintiff presented different possibilities, which included giving a phone

7

number of an aunt and yelling for a passerby to come get the keys. Ultimately, they were left with Ms. Pope. The body camera footage shows Officer Miller using a standard "Vehicle Storage, Wrecker Request and Inventory Record" form to detail the vehicle contents. *See id.* at 15:20. Under the totality of the circumstances—particularly given the uncertainty of the car's responsible party—the inventory search was not unreasonable.

In sum, Plaintiff does not sustain a showing for reconsideration of our previous Order. Although Plaintiff presents an acceptable reason for untimeliness, this Court does not find omitted evidence, if any, to present importance. From a consideration of the Rule 59(e) factors, Plaintiff does not establish reconsideration is necessary to correct a manifest error of law and to prevent manifest injustice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Reconsider Judgment* **(Rec. Doc. 44)** is **DENIED**.

New Orleans, Louisiana, this 16th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE